### DICEY WHITESIDES v. JAMES BRIEN'S EXECUTOR, ETC.

**Judgments—Modification—Vacation—Jurisdiction.**
Unless one or more of the grounds embraced in Sections 579-373 of the Civil Code of Practice are set forth in the petition to vacate the judgment the court has no jurisdiction of the case.

**Trusts—Beneficial Interests Not Subject to Execution.**
Where land is held in trust for another their beneficial interests are not subject to execution, and the trustee can not sell under execution to pay his own debt.

APPEAL FROM MARSHALL CIRCUIT COURT.

March 19, 1872.

OPINION BY JUDGE PETERS:

The cause set forth in the petition to vacate the judgment of the 11th of June, 1868, is not embraced in *Sections* 579 nor 373 of the *Code of Practice*. And unless one or more of the grounds therein enumerated existed for modifying, or vacating the judgment, the court below had no jurisdiction of the case.

But we do not perceive how appellants were prejudiced by the judgment. They certainly had no legal title to the land, either in fee, for life, or for a term of years, if the same was held under the wills of Whitesides and McCracken, as appears to be the case from the record before us. The legal title passed by the will of Whitesides to McCracken—and by his will Brien

was constituted trustee to hold the legal title for appellants. And under *Sec.* 1, *Art.* 13, *Chap.* 36, 1 *Vol. R. S., p.* 482, their beneficial interest in the land was not subject to sale under execution. Especially could not the trustee sell under an execution to pay his own debt.

Let the judgment be affirmed.

*J. B. Husband, Scott, for appellant.*

*Gilbert, for appellee.*